

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2005

# Setiawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Setiawan v. Atty Gen USA" (2005). *2005 Decisions*. Paper 1337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1051
_____

FRANICO SETIAWAN,

Petitioner

v.

*ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)
_____

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(Nos. A95-161-727, A95-161-728)
_____

Submitted pursuant to LAR 34.1(a)
March 29, 2005

Before: ALITO, SMITH, and ROSENN, Circuit Judges

(Filed: April 19, 2005)
_____

OPINION OF THE COURT
_____

PER CURIAM:

Franico Setiawan ("Setiawan"), a native and citizen of Indonesia, seeks review of a decision by the Board of Immigration Appeals ("the BIA"). The BIA affirmed the Immigration Judge's denial of Setiawan's applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture (the "Torture Convention"). Setiawan, a practicing Christian of Chinese descent, claims to have suffered past persecution and to fear future persecution because of his ethnicity and his religion. As we write for the parties only, we do not set out the facts. We conclude that the BIA's decision was supported by substantial evidence, and we deny Setiawan's petition.

## I.

Because Setiawan does not raise any argument in his brief regarding the BIA's denial of protection under the Torture Convention beyond the conclusory statement that the BIA erred in denying protection, he has not preserved the issue for review. Lie v. Ashcroft, 396 F.3d 530, 532, n.1 (3d Cir. 2005).

## II.

We will affirm the BIA's decision that Setiawan was not eligible for asylum if there is substantial evidence to support it. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The administrative findings of fact supporting a final order of removal cannot be reversed unless the administrative record was such that "a reasonable adjudicator would

2

be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(A)-(B). _____

An applicant for asylum bears the burden of establishing that he has suffered past persecution or has a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(a)-(b); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001). If an applicant cannot meet the standard for asylum, this Court may assume that the applicant cannot meet the higher standard for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

## III.

To qualify for withholding of removal, an alien must show that if he returned to his country, it is more likely than not that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998). If an alien is able to establish past persecution, then it is presumed that his life or freedom would be threatened were he to return to his country. 8 C.F.R. § 1208.16(b)(1)(i) (2004). "In order to establish eligibility for asylum on the basis of past persecution, an applicant must show (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." Adulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2001) (quotations and citations omitted).

"'[P]ersecution' is an extreme concept that does not include every sort of treatment

3

our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993); accord Fisher v. INS, 79 F.3d 955, 961 (9th Cir. 1996) (en banc) ("Persecution is an extreme concept, which ordinarily does not include '[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be.'" (alteration in original) (citation omitted)); see also Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000) ("To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering.").

Setiawan alleges that he and his family suffered several violent attacks by street thugs in Indonesia, but the BIA's conclusion that these attacks did not rise to the level of persecution is supported by substantial evidence. Victims of discrimination and random violence of the sort Setiawan alleges are not victims of persecution as legally defined; the harm is not of a sufficient degree. Moreover, the alleged attack by the "singing beggars" or "road singers" does not constitute persecution because it was not on account of a protected ground. On Setiawan's own telling, the thugs were seeking money, not seeking to harm Setiawan on account of his race, religion, nationality, membership in a particular social group, or political opinion. There is no evidence that the road singers targeted Setiawan and his family because they were Indonesians of Chinese descent, or because they were Christians, or because they were on their way to church.

Finally, Setiawan offers no evidence in support of his claim that the State Department, major non-governmental organizations, and news agencies have reported

4

"serious and increasing attacks on Christians in Indonesia."  The riots in May of 1998 and the events that Setiawan witnessed were terrible.  But he offers no evidence that these events were the norm before or since, much less that attacks on Christians or persons of Chinese descent are increasing in frequency or severity.  Nor does he offer evidence that the Indonesian government is unable or unwilling to stop such attacks.  See Abdulrahman, 330 F.3d at 592.  Thus, there is insufficient evidence to compel the conclusion that there is a pattern or practice of persecuting persons similarly situated to Setiawan, and Setiawan cannot be relieved of the duty to demonstrate that he has been or would be individually targeted for persecution.  8 C.F.R. § 1208.13(b)(2)(i)(A)-(B); Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

## IV.

As Setiawan failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal.  See Lukawago, 329 F.3d at 182.

## V.

For the reasons given above, we deny Setiawan's petition.